IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

OHIO VALLY ENVIRONMENTAL
COALITION, INC., et al.,

                Plaintiffs,

v.                                      CIVIL ACTION NO. 2:12-3750

FOLA COAL COMPANY, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the parties' cross-motions for summary judgment. Among the many arguments raised by the parties, Defendant argues that the requirement in W. Va. Code St. R. § 47-30-5.1.f that discharges not violate applicable water quality standards is unenforceable because it was not properly approved under state or federal law. *See Def. Reply* at 2-8, ECF No. 47. The Court has reviewed the legislative history of W. Va. Code St. R. § 47-30-5.1.f using materials provided by the parties as well as publicly available materials found on the website of the West Virginia Secretary of State.[1]

As Defendant points out, WVDEP's NPDES permitting rules originally did not include language requiring a permit holder to comply with water quality standards. *See* W. Va. Code St.

---

[1] The Court notes that it may take judicial notice of and rely on information not included in the pleadings but which can be found via government websites, reports, etc. *See United States v. Chester*, 628 F.3d 673, 692 (4th Cir. 2010); *Ibrahim v. Dep't of Homeland Sec.*, 669 F.3d 983, 990 (9th Cir. 2012).

1

Case 2:12-cv-03750 Document 62 Filed 10/28/13 Page 2 of 3 PageID #: 1451

R. 20-5A, Series II (1981), Ex. 1, ECF No. 47.[2] In 1984, rules for coal facilities were "consolidated" and those facilities were subject to their own separate administrative permitting process. Defendants argue that in 1984, the final NPDES rules for coal facilities required for the first time that discharges meet water quality standards, W. Va. Code St. R. 20-6, Series VII, § 10C.04 (1984), Ex. 2, ECF No. 47,[3] but that this new requirement was never properly approved. However, surface mining regulations approved and placed in effect in August 1984—prior to the final rule filed in October 1984—state in part that "[d]ischarge from the permit area shall not violate effluent limitations or cause a violation of water quality standards." § 6B.04(b), *available at* http://apps.sos.wv.gov/adlaw/csr/readfile.aspx?DocId=6984&Format=PDF.[4] It therefore appears to the Court that language concerning water quality standards was inserted into the final NPDES rules so that the final NPDES rules would comply with the state's surface mining regulations which were already in effect. The existence of the August 1984 rules is evidence that water quality standards were already part of surface mining regulations at the time that the language was included explicitly in the final NPDES rules. Therefore, when consolidation occurred, the water quality standards requirement was placed in the final rules.

Based on this understanding, the Court is inclined to conclude that Defendant's argument that the final language of W. Va. Code St. R. § 47-30-5.1.f was never properly approved is mooted. In light of this understanding, the Court **DIRECTS** that each side shall have until **noon** on **Friday, November 1, 2013**, to file a memorandum with the Court regarding the issues raised

---

[2] Available at http://apps.sos.wv.gov/adlaw/csr/readfile.aspx?DocId=22240&Format=PDF.

[3] Available at http://apps.sos.wv.gov/adlaw/csr/readfile.aspx?DocId=15239& Format=PDF.

[4] Unfortunately, the title of this rule is omitted from this PDF, which is missing pages 1 through 4.

2

in this order, should they choose to do so. Each side's memorandum must be no more than seven pages in length.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:       October 28, 2013

        _____
        ROBERT C. CHAMBERS, CHIEF JUDGE